IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**UNITED STATES OF AMERICA,**

Plaintiff,

v.                                    **CRIMINAL ACTION NO. 5:22-CR-06**
                                      Judge Bailey

**DEONTE RAYMOND JAMES,**

Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 46]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed Report and a Recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on June 27, 2022, wherein he recommends the defendant's Motion to Suppress Evidence [Doc. 35] should be denied.

## I. BACKGROUND

Defendant filed a Motion to Suppress Evidence on May 25, 2022. *See* [Doc. 35]. In the motion, defendant alleges that the search of his person by Moundsville Police officers was a violation of the Fourth Amendment. [Doc. 35 at 1–2]. Specifically, Mr. James argues that the officers' questioning of him and his associates on the morning of January 20, 2022, was a violation of his rights and, thus, his subsequent arrest for obstruction violated the Fourth Amendment. [Id. at 6]. Defendant requests that the

1

firearms and drugs obtained in violation of his constitutional rights under the Fourth Amendment be suppressed. [Id. at 1, 6].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. On July 12, 2022, Defendant's Motion to Enlarge Time to File Objection

2

to the R&R was granted and defendant was given until July 25, 2022, to file his objections. See [Doc. 51]. On July 25, 2022, Defendant's Motion to Enlarge Time to File Objections to the R&R was granted and defendant was given until August 8, 2022, to file his objections. See [Doc. 56]. On August 8, 2022, defendant timely filed his Objections to the Report and Recommendations. See [Doc. 59]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

In the R&R, Magistrate Judge Mazzone concluded that "the totality of the circumstances demonstrates that: (1) officers had reasonable suspicion to investigate the disturbance call by asking for the names of the vehicle's occupants; (2) officers had reasonable suspicion to continue the stop to confirm defendant's identity; and (3) defendant was searched pursuant to a lawful arrest for the crime of obstruction." [Doc. 46 at 11]. As such, Magistrate Judge Mazzone concluded that the defendant did not meet his burden of proving that the evidence in question should be suppressed. [Id. at 17].

Defendant objected to the R&R on August 8, 2022. See [Doc. 59]. First, defendant alleges the officer's request for identification was improper because when the officers arrived there was no disturbance. [Id. at 3]. Second, defendant argues that he did not commit the offense of Obstruction because there was no probable cause that he provided a false name to the officers. [Id. at 4]. As such, defendant claims "the arrest was invalid" and "the search incident to this invalid arrest is likewise invalid." [Id. at 5]. Third, defendant

alleges that the search of his car by the officers was not supported by reasonable suspicion. [Doc. 59 at 7].

Defendant ultimately requests this Court to reject the R&R and grant his Motion to Suppress Evidence. [Id.]. This Court does not find defendant's objections persuasive and, upon *de novo* review, finds that the Magistrate Judge reached the correct conclusion.

Thus, this Court finds that the issues raised by defendant in his objections were thoroughly considered by Magistrate Judge Mazzone in said R&R. The Court is of the opinion that Magistrate Judge Mazzone's R&R accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, defendant's objections [**Doc. 59**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 46**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the Motion to Suppress Evidence [**Doc. 35**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to defendant.

DATED: August 10, 2022.

_____
JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**

4